Colcock, J.
At the common law a receiver of stolen, goods was not an accessory; he was punished only as for a misdemeanor, by fine and imprisonment. (1st Chitty. Crim. Law, 266. But it was soon discovered that the punishment Was inadequate: hence the clause in the statute 3d and 4th Wm. mid -Vary c. 9, making receivers accessories in the following words, “ For as much as thieves slid robbers are much Encouraged to commit such offences, because a great number of persons make it their trade and business to deal in the buying of stolen goods. Be it therefore enacted, That if any person or persons shall buy or receive any goods or chattels that shall be feloniously ta '-en or stolen from a'-y other person, knowing the same to be stolen, he or they shall be taken and deemed an accessory or accessories to such felony, after the fact, and shall incur the same punishment as an accessory or accessories to the felony, after' the felony committed,” [Pub. Laws 86 ) But it was contended, (hat as the act speaks of a particular description of felonies, this clause can be construed to roiat to none others; that it was only intended to make the receivers in the particular felonies mentioned by the act accessories, and in support of this construction, the word “ such,” in the preamble to the 4th clause Was relied on, haviugit.was contended, reference to the felonies mentioned in the first clause of the statute: But is this in oppo^ Anion to all the rules of construction, as well as to the general terms of the clause and the tide of the. act. The word “ such1'’ must refer to the words, “thieves and robbers,” by the rules of gramatical construction; and when taken in connection with the words “ any goods and chattels,” put it beyond all doubt, that all receivers of stolen goods should be considered as accessories after the fact, and this has been the •uniform construction given to this clause, it was said, that an the trial the counsel were referred to the statute of Anne, as the one .under which the defendant was indicted, and that. *385 therefore the indictment must stand or fall under that statute. But the indictment concludes in general terms “ against the statute,” without saying what statute : Now it has been perfectly settled that there is no necessity in any indictment or information on any public statute, whether the oifence be evil in its own nature, or only becomes so by the prohibition of the legislature, to recite the statute upon which it is founded; for the judges are bound, ex-officio, to take notice of all public acts. Where there are more than one by which the proceeding can be maintained, they will refer it to that which is most for public advantage.: But if the indictment profess to recite the statute, a material variance will be fatal, or ii the statute does not support the verdict, it must fail (1st Chitty, Crim. Law. 277.) As to the facts, they have been fairly sub-mittedto the jury, and the court cannot say that their verdict is without, or against, evidence-
J. B. Whke. for the appellants.
Pefigi'ti, Attorney general, contra.
The motion is, therefore, dismissed.